UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

FREDERICK WILLIAMS,

                Petitioner,

v.

LYNN J. LILLEY,

                Respondent.

9:19-CV-0384
(TJM/DJS)

---

APPEARANCES:

FREDERICK WILLIAMS
Petitioner, pro se
14-A-1376
Woodbourne Correctional Facility
99 Prison Road
P.O. Box 1000
Woodbourne, NY 12788

OF COUNSEL:

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

### I. INTRODUCTION

Petitioner Frederick Williams filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). He also filed a properly certified application to proceed in forma pauperis ("IFP"). Dkt. No. 2. For the reasons that follow, petitioner is given thirty days to clarify how he wishes to proceed with the present action.

### II. THE PETITION

Petitioner challenges a 2014 judgment of conviction in Columbia County, upon a jury verdict, of second degree burglary and third degree robbery which revoked petitioner's probation and resulted in imprisonment. Pet. at 1-2; *see also People v. Williams*, 156 A.D.3d

1224, 1224 (3rd Dep't 2017).[1]  The New York State Supreme Court, Appellate Division, Third Department, affirmed the judgment of conviction, and, on April 4, 2018, the New York Court of Appeals denied leave to appeal.  *Williams*, 156 A.D.3d at 1231, *lv. denied*, 31 N.Y.3d 1018 (2018).

Petitioner also indicated his intention to collaterally attack his state court conviction.  Pet. at 3, 12.  Specifically, petitioner states he will be filing said motion pursuant to New York State Criminal Procedure Law § 440 in the near future.  *Id.*

Petitioner contends that he is entitled to federal habeas relief because (1) trial counsel was ineffective for (a) failing to file supporting affidavits with petitioner's pretrial motions, (2) misinforming petitioner about the consequences of reading a particular jury charge, and (3) failing to renew petitioner's motion to dismiss at the conclusion of his trial, effectively precluding him from appealing the issue as it was left unpreserved (Pet. at 5); (2) the evidence was legally insufficient (*id.* at 7); and (3) the trial court erred in making certain rulings during petitioner's *Molineux* and *Sandoval* hearings which were prejudicial to the petitioner (*id.* at 8).  For a more complete statement of petitioner's claims, reference is made to the petition.

## III. DISCUSSION

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(A), (B)(i), (ii).  The exhaustion requirement

---

[1] Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

"is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings[.]" *Jimenez v. Walker*, 458 F.3d 130, 149 (2d Cir. 2006) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

To properly exhaust his claims, petitioner must do so both procedurally and substantively. Procedural exhaustion requires that the petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that the petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Here, petitioner has included threes claim in his presently pending habeas corpus petition. However, petitioner already advanced, and was denied, several of these arguments in his direct appeal. *Williams*, 156 A.D.3d at 1225-31. Specifically, the Third Department held that (1) petitioner "failed to establish the absence of a strategic reason for counsel's decision to request that the County Court not give a[ particular jury] . . . charge" and that "counsel's failure to preserve [petitioner's] legal sufficiency argument does not constitute ineffective assistance of counsel," (*id.* at 1231); (2) legally sufficient evidence supported petitioner's conviction (*id.* at 1225-29); and (3) "that the [trial] court's errors with respect to its *Molineux* and *Sandoval* rulings were harmless, because the evidence of . . . guilt was

3

overwhelming and there was no significant probability that [petitioner] would have been acquitted in the absence of the errors . . . ." (*id.* at 1230). Accordingly, two of the three presently pending claims before this Court – legal insufficiency and the trial court's rulings – are seemingly exhausted.

However, it is clear that petitioner is also in the middle of exhausting his other available state court remedies, presumably with respect to his ineffective assistance of counsel claim, because petitioner asserts that he intends to file a 440 motion. Pet.at 3, 12. Accordingly, petitioner is just beginning this round of state court review thus the highest state court capable of reviewing petitioner's claims has not yet had the opportunity to do so. *O'Sullivan*, 526 U.S. at 845.

There is no basis on the record before this Court to conclude that there is an absence of available State corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect petitioner's rights (*e.g.* where further pursuit would be futile). 28 U.S.C. § 2254(b)(1)(B)(i), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000). Petitioner has state court remedies available to him, and is in the process of exhausting those remedies by pursuing his 440 motion. It is not futile to require him to complete exhaustion of his state court remedies before pursuing a federal habeas petition.

While petitioner's papers do not reflect his awareness that his petition was filed prematurely as a sort of protective filing, to the extent that petitioner may be understood to request that this action be stayed and his petition held in abeyance, that request is denied. The Supreme Court has stated, in dicta, that "[i]n many cases a stay will be preferable . . . and . . . will be the only appropriate course in cases . . . where an outright dismissal could

jeopardize the timeliness of a collateral attack." *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001) (citing *Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, J., with whom Souter, J. joins, concurring in part in the judgment)). In similar situations, such requests evaluating "whether a stay and abeyance is appropriate in a particular case is governed by the" considerations set forth in *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). *Rivera v. Kaplan*, No. 1:17-CV-2257, 2017 WL 3017713, at *2 (S.D.N.Y. July 13, 2017) (applying *Rhines* factors to protective filings where petitioners' are attempting to ensure their habeas petition's timeliness). Under *Rhines*, a stay and abeyance should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." 544 U.S. at 277.

Here, to the extent petitioner is attempting to request a stay pending a final decision from the Court of Appeals, petitioner has not argued, much less established, that he had "good cause" for failing to exhaust his claims in state court before filing his petition. While petitioner does not comment on the timeliness of his petition, Pet. at 13-14, petitioner also does not appear to have any difficulty navigating through the state court for a direct appeal, collateral attack, or subsequent appeal of the resulting state court decision. Moreover, petitioner has not demonstrated any difficulties pursuing the present habeas petition in this Court. Accordingly, it cannot be said that petitioner is expressing confusion about the state court appellate process or the trajectory of a habeas petition in federal court. *Cf Rivera*, 2017 WL 3017713, at *3 (finding good cause where a petitioner demonstrated "reasonable confusion about whether a state filing would be timely[,]" and thus uncertainty over whether

5

her claims were properly exhausted in state court) (citing *Pace v. Diguglielmo*, 544 U.S. 408, 416-17 (2005)).

Additionally, it does not appear that a subsequent habeas petition, if necessary and if filed promptly after petitioner's claims are exhausted in state court, will be jeopardized by the statute of limitations. The AEDPA's one-year limitations period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). When petitioners do not seek certiorari in the United States Supreme Court, a state conviction becomes final ninety (90) days after the New York Court of Appeals denied leave to appeal. *Gonzales v. Thaler*, 565 U.S. 134, 148-49 (2012); *Saunders v. Senkowski*, 587 F.3d 543, 547 (2d Cir. 2009). Properly filed state court applications for relief operate to toll the limitations period if those applications are filed before the one-year limitations period expires.[2] 28 U.S.C. § 2244(d)(2); *Saunders,* 587 F.3d at 548. The tolling provision excludes from the limitations period only the time that the state relief application remains undecided, including the time during which an appeal from the denial of the application was taken. *Saunders*, 587 F.3d at 548.[3]

---

[2] "[T]he statute of limitations was and is tolled as to all of [petitioner's habeas] claims, provided they all relate to the same underlying state court judgment, by the proper filing of state court applications for post conviction review." *Talbot v. Jenkins*, No. 3:09-CV-0028, 2010 WL 2900349, at *4 (W.D.Wis., July 21, 2010) (citing 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent *judgment* . . . is pending shall not be counted toward any period of limitation under this subsection") (emphasis added)).

[3] The AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace,* 544 U.S. at 418). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

The Third Department affirmed petitioner's conviction on direct appeal, and the New York Court of Appeals denied petitioner's application for leave to appeal on April 4, 2018. *Williams*, 31 N.Y.3d at 1018. He did not seek a writ of certiorari, and his conviction thus became final 90 days later, on July 3, 2018. *Thaler*, 565 U.S. at 149-150. Petitioner therefore had until July 3, 2019, to timely file a federal habeas petition. On March 27, 2019, after 267 days of the limitations period had elapsed, petitioner timely filed his present petition. Pet. at 15. Accordingly, petitioner still had another 88 days left in his statute of limitations period as of March 27, 2019, when he filed his petition. To the extent that petitioner files a 440 motion within that time period, it shall serve to toll the limitations period for the extent of time it is pending.

Accordingly, petitioner has two different options to choose from moving forward. Because petitioner's petition presently includes primarily exhausted claims, he can move forward with part of his ineffective assistance of counsel and his legal insufficiency and trial court error claims as stated. However, petitions filed under section 2254 are subject to the "gate keeping" provisions of section 2244, including the restrictions upon the filing of "second or successive" section 2254 habeas petitions under subsection (b) and the one-year limitation period under subsection (d). Thus, petitioners are generally permitted to file only one section 2254 petition challenging a particular state court judgment. Once that first petition has been decided on the merits, a petitioner may not file a second or successive petition challenging the same state court decision or determination without first seeking permission to do so from the appropriate federal Court of Appeals–in this case, the Second Circuit. 28 U.S.C. § 2244(b). Therefore, if petitioner wished to later file a second habeas

7

petition challenging the parts of his underlying state court conviction that are anticipated to be addressed in his 440 motion, he would probably be precluded from doing so.

Alternatively, if petitioner also wishes to include any of the claims that he intends to litigate in his 440 motion in his habeas petition, he should move to withdraw the present petition and refile it after the state court remedies have been successfully exhausted. *See Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d Cir. 2002) (summary order) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court an opportunity to do so. Accordingly, we dismiss DiGuglielmo's petition without prejudice. This will allow DiGuglielmo to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.") (footnote omitted).[4] Petitioner must be vigilant pursuing this option, as there are only a few months left in the statute of limitations period. However, this still appears to be adequate time in which to refile his petition. *See Zarvela*, 254 F.3d at 383 (commenting that petitioner refiled his habeas petition within fourteen days after receiving the appellate court's decision).

In sum, it is unclear to the Court whether petitioner would prefer to proceed with his petition as it presently stands, or whether he would like to include claims in his petition which he intends to exhaust via a 440 motion in the near future. Accordingly, petitioner has thirty (30) days to inform the Court of his intentions.

---

[4] The Court notes that if petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this petition would be being dismissed for failure to exhaust and not on the merits. *Burton v. Stewart*, 549 U.S. 147, 155 (2007) (per curiam) (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

**IV. CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that, within thirty (30) days of the filing date of this Decision and Order, petitioner must: (1) inform the Court that he wishes to pursue only those claims set forth in his pending petition or (2) seek voluntary dismissal of the pending petition with the option to refile it once the state court proceedings have concluded; and it is further

**ORDERED** that upon the filing by petitioner of any further motion, the Clerk is directed to return the file to the Court for further review; and it is further

**ORDERED** that if petitioner does not move to voluntarily withdraw his petition within thirty (30) days of the filing date of this Decision and Order, the Court will consider his original petition only (Dkt. No. 1); and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Local Rules.

Dated: April 4, 2019

Thomas J. McAvoy
Senior, U.S. District Judge